## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

    TAKEYBA D. SIMS,                              CASE NO. 11-00625-NPO

          DEBTOR.                                        CHAPTER 7

HAROLD L. SMITH                                                    PLAINTIFF

VS.                                                          ADV. PROC. NO. 11-00058-NPO

TAKEYBA D. SIMS                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER
## ON COMPLAINT TO DETERMINE DISCHARGEBILITY OF DEBT

There came on for trial on February 3, 2012 (the "Trial"), the Complaint to Determine Dischargebility of Debt (the "Complaint") (Adv. Dkt. No. 1)[1] filed by Harold L. Smith ("Smith"), and the Answer (Adv. Dkt. No. 7) filed by the Debtor, Takeyba D. Sims (the "Debtor"), in the above-referenced adversary proceeding (the "Adversary"). The Second Amended Pretrial Order ("Pretrial Order") (Adv. Dkt. No. 21) was approved by the Court on January 31, 2012.

At Trial, Danny Smith represented Smith, and Richard R. Grindstaff represented the Debtor. Only one exhibit was introduced into evidence, the Amended Disposition Order (the "Disposition Order") (Smith Ex. 1) entered by the Youth Court of Amite County, Mississippi (the "Youth Court"). Smith and the Debtor both testified at Trial. No other witnesses were called to testify. The issue in the Adversary is whether restitution awarded for damages caused by the Debtor's minor son

---

[1] Unless stated otherwise, citations to the record are as follows: (1) citations to docket entries in the adversary proceeding, Adv. Proc. No. 11-00058-NPO, are cited as "(Adv. Dkt. No. ___)"; and (2) citations to docket entries in the main bankruptcy case, Case No. 11-00625-NPO, are cited as "(Dkt. No. ___)."

is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(7).[2] The Court, being fully advised in the premises and having considered the pleadings, evidence, and arguments of counsel, finds that the Restitution Debt does not satisfy the requirements of § 523(a)(7) and should be discharged for the reasons set forth below.[3]

### Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this Adversary pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and 28 U.S.C. § 157(b)(2)(I). Notice of the Trial was proper under the circumstances.

### Facts

The following facts are derived from the stipulations included in the Pretrial Order, as well as the evidence presented at the Trial.

1. The Debtor's son (the "Son") and another juvenile[4] damaged property owned by Smith.[5]

2. The Youth Court ordered the Son to pay restitution (the "Restitution Order") in the

---

[2] The United States Bankruptcy Code, located at Title 11 of the United States Code, hereinafter will be referred to as the "Code," and all code sections hereinafter will refer to the Code unless otherwise noted.

[3] Pursuant to Federal Rule of Civil Procedure 52, as made applicable to this Adversary by Federal Rule of Bankruptcy Procedure 7052, the following constitutes the findings of fact and conclusions of law of the Court.

[4] Because juvenile court records and proceedings are confidential, the names of the juveniles were not disclosed at Trial. MISS. CODE ANN. § 43-21-261.

[5] Test. of Smith at 10:10:19 - 10:10:28. The Trial was not transcribed. References to testimony are cited by the timestamp of the audio recording.

amount of $22,000.00 (the "Restitution Debt") for the damages.[6]

3.    The Youth Court also found both parents of the Son (the Debtor as well as the Son's father) jointly and severally liable for the Restitution Debt pursuant to the provisions of MISS. CODE ANN. § 43-21-619. That statute authorizes youth court judges to enter restitution orders against parents for the acts of their children without regard to the fault of the parents.

4.    On June 18, 2009, the Youth Court conducted an adjudication hearing, after which the Youth Court determined that the Son was a delinquent child. At the subsequent disposition hearing, the Youth Court entered the Disposition Order, which refers to the previous delinquency adjudication and the Restitution Order.

5.    Sometime after the Restitution Order was entered, Smith obtained an order garnishing the Debtor's wages to collect the Restitution Debt.[7]

6.    On February 21, 2011, the Debtor filed a voluntary petition for relief under chapter 7 of the Code. (Dkt. No. 1).

7.    Smith commenced this Adversary on May 12, 2011, by filing the Complaint. Smith alleges that the Debtor is not entitled to a discharge of the Restitution Debt pursuant to § 523(a)(7).

8.    At Trial, the Debtor testified that no criminal proceedings were ever brought against her as a result of the damages caused to Smith's property.[8] Smith did not present any evidence at Trial demonstrating that the Debtor herself had engaged in any wrongdoing.

---

[6] Id. at 10:15:44.

[7] Id. at 10:16:47 - 10:15:58.

[8] Test. of Debtor at 10:21:02 - 10:21:19.

9.     The Court has not yet entered a discharge order in the Debtor's underlying bankruptcy case.

**Discussion**

Smith maintains that the Restitution Debt should be declared non-dischargeable under the provisions of § 523(a)(7). "[A] debtor under Chapter 7 of the Bankruptcy Code is generally granted a discharge of all debts that arose before the filing of the bankruptcy petition '[e]xcept as provided in section 523.'"  Hosack v. IRS (In re Hosack), 282 Fed. Appx. 309, 313 (5th Cir. 2008) (unpublished) (internal citation omitted). The exceptions listed in § 523(a), including § 523(a)(7), should be construed liberally in favor of granting debtors a discharge, given that the intent of the Code is to provide debtors with a "fresh start."  Fezler ex rel. Fezler v. Davis (In re Davis), 194 F.3d 570, 573 (5th Cir. 1999), *citing* Lines v. Frederick, 400 U.S. 18, 19 (1970).

**A.     Section 523(a)(7)**

Section 523(a)(7) provides that a chapter 7 discharge does not discharge an individual from "debts. . . [that are] a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss."  11 U.S.C. § 523(a)(7). For a debt to be declared non-dischargable under § 523(a)(7), the debt must: (1) arise as a punishment or sanction for some type of wrongdoing; (2) not be compensation for actual pecuniary loss; and (3) be payable to a governmental unit and for the benefit of a governmental unit.  6 COLLIER ON BANKRUPTCY ¶ 523.13[3] (16th ed. 2011). Each of the three elements must be proven by a preponderance of the evidence.  Grogan v. Garner, 498 U.S. 279, 285 (1991).

### 1. Is the Restitution Debt a Fine, Penalty, or Forfeiture?

Smith's first burden under § 523(a)(7) is to show that the Restitution Debt is a "fine, penalty, or forfeiture." The terms "fine," "penalty," and "forfeiture" are not defined in the Code. Mabey v. Ellis (In re Ellis), 224 B.R. 786, 790 (Bankr. D. Idaho 1998). The Fifth Circuit, however, has found that by referring to a "fine, penalty, or forfeiture," Congress intended § 523(a)(7) to except from discharge only those debts "imposed as punishment for wrongdoing by the debtor." Hickman v. Texas (In re Hickman), 260 F.3d 400, 404 (5th Cir. 2001) (internal quotations omitted) (holding that bail bondsmen could discharge a debt incurred in connection with their role as sureties on a criminal bail bond). This reading of § 523(a)(7), according to the Fifth Circuit, is consistent with the policy behind the Code of "'reliev[ing] the honest debtor from the weight of oppressive indebtedness and permit[ting] him to start afresh." Id. (citation omitted). On the other hand, this exception should not be construed so narrowly so as to allow "the bankruptcy courts to become 'a haven for wrongdoers.'" Id. (citations omitted).

As a preliminary matter, the Court notes that the fact the Restitution Debt is labeled "restitution" is not determinative. Hickman, 260 F.3d at 405. The Court must look beyond the denomination "restitution" and examine the true nature of the Restitution Debt. This task requires the Court to look to state law to determine if the Restitution Debt possesses the attributes of a "fine, penalty, or forfeiture." Hickman, 260 F.3d at 405.

According to the Disposition Order, the Debtor was held jointly and severally liable under MISS. CODE ANN. § 43-21-619(2), which states, in pertinent part:

> The youth court may order the parents . . . who exercise parental custody and control of a child who is under the jurisdiction of the youth court and who has willfully or maliciously caused personal injury or damaged or destroyed property, to pay such

> damages or restitution through the court to the victim in an amount not to exceed the actual loss and to enforce payment thereof.

MISS. CODE ANN. § 43-21-619(2). In short, the statute grants youth courts the discretion to impose restitution against parents for the malicious or willful acts of their children, without regard to the fault of the parents. In re Interest of B.D., 720 So. 2d 476 (Miss. 1998) (upholding constitutionality of statute).

In an analogous case, an Idaho bankruptcy court found that a debt that resulted from a state-court restitution judgment that was entered jointly against the debtors and their minor child was dischargeable. Ellis, 224 B.R. at 792-93. The Idaho statute at issue in Ellis is similar to the Mississippi statute, and states, in pertinent part:

> Unless the court determines that an order of restitution would be inappropriate or undesirable, it shall order the juvenile or his parents or both to pay restitution to make whole any victim who suffers an economic loss as a result of the juvenile's conduct . . . .

IDAHO CODE § 20-520(3). According to the Idaho bankruptcy court, "application of the statute [ordering a minor to pay restitution] against a parent seems more a device to provide the victim with an opportunity to recover any economic loss, than a means to punish or rehabilitate the parent." Id. at 790.

At Trial, Smith failed to put any evidence in the record regarding the intent of the Youth Court in holding the Debtor jointly and severally liable for her Son's conduct. Without such evidence, the Court cannot conclude by a preponderance of the evidence that the Restitution Debt is a "fine, penalty, or forfeiture" within the meaning of § 523(a)(7). The Court finds persuasive the Idaho bankruptcy court's observation that holding parents jointly and severally liable for damages that their children inflict, based solely on the parent-child relationship, likely serves a compensatory,

rather than punitive, purpose. Id. This purpose is also reflected in the language of MISS. CODE ANN. § 43-21-619(2) that limits the liability of parents to "an amount not to exceed the actual loss." MISS. CODE ANN. § 43-21-619(2).

In addition, a Texas bankruptcy court, applying Hickman, found that a bailbondsman's debt arising out of a bail bond judgment was not a "fine, penalty, or forfeiture" because of the absence of evidence of any wrongdoing by the bailbondsman. Texas v. Davis (In re Davis), 340 B.R. 767, 772 (Bankr. E.D. Tex. 2006). Likewise, there was no evidence at Trial that the Debtor was involved in damaging Smith's property, and no criminal proceedings were brought against her as a result of the unfortunate incident. Accordingly, the Court finds that Smith has failed to demonstrate that the Restitution Debt is the type of "fine, penalty, or forfeiture" which would except it from discharge under § 523(a)(7).

**2.     Is the Restitution Debt Compensation for Actual Pecuniary Loss?**

Although Smith's failure to prove the first element of his non-dischargeability claim renders it unnecessary for the Court to proceed further in its analysis, the Court will nonetheless determine whether the Restitution Debt satisfies the second element, that the Restitution Debt is not for "actual pecuniary loss." Holder v. Tex. Dept. of Pub. Safety (In re Holder), 376 B.R. 802 (S.D. Tex. 2007), *citing* Kish v. Farmer (In re Kish), 238 B.R. 271, 285 (Bankr. D. N.J. 1999). If so, it functions as compensation, rather than punishment, and falls outside the scope of § 523(a)(7).

In Kelly v. Robinson, 479 U.S. 36 (1986), the Supreme Court considered whether a criminal restitution obligation imposed as a condition of probation was dischargeable in a chapter 7 case. The Kelly Court held "that § 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." Id. This holding in particular does not apply to the facts

here because the Restitution Debt was not imposed against the Debtor "as part of a criminal sentence." Nevertheless, the analysis of the Kelly court regarding "actual pecuniary loss" is instructive.

The Court first noted that the intent of Congress in excluding debts for "actual pecuniary loss" was to preclude § 523(a)(7) from being applied to tax penalties. Id. at 51 n.13. The Court then held that restitution is not compensation for "actual pecuniary loss" because restitution focuses on the "[s]tate's interest in rehabilitation and punishment, rather than the victim's desire for compensation." Id. at 53.

As previously mentioned, it is unclear from the facts presented at Trial whether the Restitution Debt was merely a means for ensuring payment of Smith's damages or whether it was meant to serve some other purpose. As a result, the Court finds that Smith has failed to demonstrate by a preponderance of the evidence that the Restitution Debt is not for "actual pecuniary loss."

### 3. Is the Restitution Debt Payable to, and for the Benefit of, a Governmental Unit?

Finally, for a debt to be non-dischargeable under § 523(a)(7), it must be paid to a governmental unit for its benefit. 11 U.S.C. § 523(a)(7). The Restitution Order was issued by Amite County, Mississippi ("Amite County") through the Youth Court. The definition of "governmental unit" includes a State or municipality. 11 U.S.C. § 101(27). The term "municipality" is defined as a "political subdivision or public agency of instrumentality of a State." 11 U.S.C. § 101(40). Amite County is a governmental unit under the Code.

The record at Trial does not show whether the Restitution Order required the Debtor to make payments directly to Smith or indirectly through the Youth Court. A copy of the Restitution Order was not admitted into evidence at Trial, and the Disposition Order does not mention how payment

was to be made. Additionally, the record at Trial does not show whether the Restitution Debt was imposed for the benefit of Amite County. When restitution is ordered in connection with a criminal sentence, restitution serves the "penal and rehabilitative interests of the State" and is not assessed for the benefit of the victim. Kelly, 479 U.S. at 53. In the absence of a criminal proceeding, however, the purpose served by restitution is not so apparent. The Court, therefore, finds that Smith has failed to show by a preponderance of the evidence whether the Restitution Debt was paid to a governmental unit or for its benefit.

## Conclusion

For the reasons set forth above, the Court concludes that Smith has failed to demonstrate that the Restitution Debt is a "fine, penalty, or forfeiture," which would except the Restitution Debt from the Debtor's discharge pursuant to § 523(a)(7). A separate order consistent with this opinion will be entered in accordance with FED. R. BANKR. P. 9021.

/s/ Neil P. Olack
Neil P. Olack
United States Bankruptcy Judge
Dated: February 17, 2012